# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BECKLEY DIVISION

ALEXANDER L. SIZEMORE,

              Plaintiff,

v.                                         CIVIL ACTION NO. 5:17-cv-02498

W. MARK BURNETTE and
BURNETTE & BURNETTE, PLLC,

              Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Plaintiff's Motion for Leave to File his Amended Complaint* (Document 8), the *Plaintiff's Memorandum in Support of His Motion for Leave to File His Amended Complaint* (Document 9), the *Defendants' Response in Opposition to Plaintiff's Motion to Amend Complaint* (Document 13), and all attached exhibits. The Court has also reviewed the *Defendants' Motion to Dismiss* (Document 5), the *Memorandum of Law in Support of Defendants' Motion to Dismiss* (Document 6) and the *Plaintiff's Response in Opposition to Defendants' Motion to Dismiss* (Document 10). Finally, the Court has reviewed the *Defendants' Motion for Extension of Time and for Court to Consider Late Reply* (Document 15). For the reasons stated herein, the Court finds that the Plaintiff's motion for leave to amend should be granted, and that the Defendants' motion to dismiss and motion for extension of time should be terminated as moot.

1

## FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiff, Alexander Sizemore, filed his complaint in the Circuit Court of Greenbrier County, West Virginia, on March 21, 2017.[1] The Defendants removed the action to this Court on April 16, 2017, citing diversity jurisdiction. Shortly after removal, on May 8, 2017, the Defendants filed their pending motion to dismiss. On May 22, 2017, and in response to the Defendants' motion to dismiss, the Plaintiff filed a motion for leave to amend his complaint and simultaneously filed his response in opposition to the motion to dismiss. On June 5, 2017, the Defendants filed their response in opposition to the Plaintiff's motion for leave to amend, but did not timely file a reply to the Plaintiff's response in opposition to the Defendants' motion to dismiss. However, on June 12, 2017, the Defendants filed a motion for extension of time and for the Court to consider their late reply. With that motion, the Defendants filed a copy of their reply to the Plaintiff's response in opposition (Document 16).

## DISCUSSION

The Plaintiff asserts that, pursuant to the Federal Rules of Civil Procedure, he may amend his complaint as a matter of course because no responsive pleading has been filed by the Defendants. He also states that his motion for leave to file the amended complaint and the proposed Second Amended Complaint were filed within 21 days of receipt of the Defendants' Rule 12(b)(6) motion to dismiss. The Plaintiff further argues that, even if leave of the Court is

---

[1] The Court notes that both the attached exhibit containing the complaint from state court and the Defendants' Notice of Removal (Document 1) refer to the original removed complaint as the "Amended Complaint." The Plaintiff notes in his motion for leave to amend that this is the first time he has attempted to amend his complaint in federal court since removal from state court and, therefore, also refers to his attached amended complaint as "Amended Complaint."

required, the Court should grant him such leave because the case has only recently begun, and because the Defendants have yet to file an answer.

The Defendants counter that they do not consent to allowing the Plaintiff to amend his complaint a second time, and further assert that the Court should not grant the Plaintiff leave to do so. The Defendants argue that the Plaintiff has not provided the reasons for which he seeks leave to amend his complaint a second time, and further assert that he seeks to do so merely to avoid the issues raised in the Defendants' motion to dismiss. The Defendants argue that it would be inappropriate and prejudicial to allow the Plaintiff to correct the issues the Defendants put forth in their motion to dismiss, and further argue that any amendment would be futile because the entire case is frivolous.

Rule 15(a)(1) of the *Federal Rules of Civil Procedure* permits a party to "amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed.R.Civ.P. 15(a)(2). The Rule further provides that "[t]he court should freely give leave [to amend] when justice so requires." *Id*. The Fourth Circuit has stated that a motion to amend should be denied only "if one of three facts are present: the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc*., 674 F.3d 369, 379 (4th Cir. 2012)(citation omitted)(internal quotation marks omitted); *HCMF Corp. v. Allen*, 238 F.3d 273, 276 (4th Cir. 2001).

The Court finds that the Plaintiff's motion for leave to amend should be granted. The Defendants' opposition to the motion to amend is based almost entirely on the argument that the Plaintiff moves to amend his complaint to correct alleged deficiencies advanced in the Defendants' motion to dismiss. However, the mere fact that the Plaintiff filed his motion to amend in response to the Defendants' motion to dismiss does not, in and of itself, evidence improper motive or bad faith, as the Defendants suggest. Rule 15 gives a plaintiff the right to amend his or her complaint "once as a matter of course within . . . 21 days after service of a motion under Rule 12(b) . . . ." Fed. R. Civ. P. 15. This language evidences the intent of the Rules to give a plaintiff the opportunity to amend a complaint and cure any deficiencies brought to light in a motion to dismiss. While the procedural posture of the Plaintiff's motion to amend at hand is slightly different due to removal of this case from state court, the Court does not find that allowing the Plaintiff to amend to further cure any deficiencies to be outside the interests of justice. If the Defendants view the Plaintiff's second amended complaint as legally insufficient, they can file a motion to dismiss addressing the same for the Court's consideration. However, allowing the Plaintiff leave to correct the deficiencies addressed in the Defendants' motion to dismiss will not prejudice the Defendants in any manner, given the posture of the case.

Furthermore, the Defendants argue that the Plaintiff's amendment would be futile because his complaint, and the suit in general, is based on allegations the Defendant deems false. However, the Court's duty at this stage in the litigation is not to determine whether the allegations in the Plaintiff's complaint are true or false. In fact, when considering a motion to dismiss, the Court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences

from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). Simply arguing that the Plaintiff's factual allegations are false does not demonstrate futility or that the proposed amended complaint will not withstand a motion to dismiss.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that the *Plaintiff's Motion for Leave to File his Amended Complaint* (Document 8) be **GRANTED**, the Plaintiff's proposed Amended Complaint (Document 8-1) be **FILED** as a separate document, and for purposes of clarity, going forward, the proposed Amended Complaint shall be referred to as the Plaintiff's **SECOND AMENDED COMPLAINT**. The Court further **ORDERS** that the *Defendants' Motion to Dismiss* (Document 5) and *Defendants' Motion for Extension of Time and for Court to Consider Late Reply* (Document 15) be **DENIED AS MOOT**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: June 23, 2017

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA