# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BECKLEY DIVISION

ALEXANDER L. SIZEMORE,

        Plaintiff,

v.                                                                         CIVIL ACTION NO. 5:17-cv-02498

W. MARK BURNETTE and
BURNETTE & BURNETTE, PLLC,

        Defendants.

## MEMORANDUM OPINION AND ORDER

The Court has reviewed the *Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint* (Document 22) and *Memorandum of Law in Support* (Document 23), the *Plaintiff's Response in Opposition to Defendants' Second Motion to Dismiss* (Document 25), the Defendants' *Reply* (Document 26), and all attached exhibits. For the reasons stated herein, the Court finds that the motion should be granted.

## PROCEDURAL HISTORY AND FACTUAL BACKGROUND

The Plaintiff, Alexander Sizemore, initiated this action by filing a complaint in the Circuit Court of Greenbrier County, West Virginia, on March 21, 2017.[1] The Defendants removed the action to this Court on April 16, 2017, citing diversity jurisdiction. The Plaintiff filed a motion

---

1 The Court notes that both the attached exhibit containing the complaint from state court and the Defendants' *Notice of Removal* (Document 1) refer to the original removed complaint as the "Amended Complaint."

for leave to amend his complaint on May 22, 2017, and the Court granted that motion in its June 23, 2017 *Memorandum Opinion and Order* (Document 19). On that same day, the Plaintiff filed his second *Amended Complaint* (Document 20).

In his second Amended Complaint, Mr. Sizemore alleges that he hired the Defendant, Mr. Burnette, and his law firm, Burnette & Burnette, PLLC, to represent him in a criminal action in the Circuit Court of Greenbrier County, West Virginia. (Pl.'s Complaint at ¶ 4.) Mr. Sizemore had been indicted on charges of sexual assault, and alleges that Mr. Burnette "inappropriately disclosed confidential attorney work product information to the Prosecuting Attorney" by advising said prosecuting attorney that Mr. Sizemore "had allegedly confessed to his ex-girlfriend . . . concerning the criminal charge about which he was being tried." (*Id.* at ¶ 8.) On July 11, 2002, after nearly three days of trial, a jury returned a verdict finding Mr. Sizemore guilty of first degree sexual assault. (*Id.* at ¶ 10.) On March 24, 2003, Mr. Sizemore was sentenced "to not less than 15 years nor more than 35 years in the state penitentiary." (*Id.* at ¶ 11.) After filing both state and federal habeas corpus petitions, on May 27, 2016, the Circuit Court of Greenbrier County, West Virginia, entered an order granting Mr. Sizemore habeas relief and releasing him from prison "based on the inappropriate disclosure by the Defendants.[2]" (*Id.* at ¶ 12.) Both the civil habeas case and the original criminal indictment were dismissed with prejudice on August 17, 2016, and the Plaintiff filed the instant action in March 2018, alleging negligence and legal malpractice in Count I, breach of fiduciary duty in Count II, and breach of contract and the implied covenant of

---

[2] While the Court pulls this quote directly from the Plaintiff's second amended complaint, the Court notes that the Order of the Circuit Court of Greenbrier County, West Virginia, does not actually state its reason for releasing the Plaintiff from prison. The state court merely notes that, after "consider[ing] various arguments of counsel and review[ing] the transcripts provided," the Plaintiff's felony conviction was "vacated and held for naught." (Defs.' Request for Jud. Notice, Ex. J) (Document 4-4). At no point does the state court discuss or provide any grounds whatsoever for its decision to vacate the Plaintiff's conviction.

2

good faith and fair dealing in Count III. The motion to dismiss has been fully briefed and is therefore ripe for review by the Court.

## STANDARD OF REVIEW

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] (providing general rules of pleading) . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted.)" *Id.* Federal Rule of Civil Procedure 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In reviewing a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the Court must "accept as true all of the factual allegations contained in the complaint." *Erikson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). Furthermore, the Court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice… [because courts] 'are not bound to accept as true a legal conclusion couched as a factual

allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570.) In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly,* 550 U.S. at 570.) In the complaint, a plaintiff must "articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557.) "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

## DISCUSSION

The Defendants assert several grounds on which the Plaintiff's complaint should be dismissed in its entirety. Mr. Burnette argues that the statute of limitations has expired on all of the Plaintiff's claims, that Burnette & Burnette is no longer a legal entity and therefore cannot be sued, that Mr. Burnette cannot be sued personally for breach of contract, that the Plaintiff has not properly alleged a breach of contract action, and that Mr. Burnette's alleged conduct was not the proximate cause of the Plaintiff's conviction and subsequent sentence. The Plaintiff counters that the statute of limitations has not expired on any of his claims based on the discovery rule, because he did not learn of Mr. Burnette's actions until less than two years before the filing of this action. He further contends that Mr. Burnette's actions were the proximate cause of his conviction, the

entity of Burnette & Burnette remains liable even though it has been dissolved, that Mr. Burnette can be sued individually based on his rendering of a professional service to the Plaintiff, and finally, that his claim of breach of contract is sufficiently pled such that the motion to dismiss should not be granted.

The Court finds that the statute of limitations bars all of the Plaintiff's claims in the second Amended Complaint. Because this case is an action within the Court's diversity jurisdiction, the Court applies the West Virginia statute of limitations and any West Virginia law construing it. *Wade v. Danek Med., Inc.*, 182 F.3d 281, 289 (4th Cir. 1999); *Rahmi v. Jackson Kelly Attorneys at Law*, No. 3:13-CV-132, 2014 WL 1233740, at *5 (N.D.W. Va. Mar. 25, 2014). When considering whether the statute of limitations bars a cause of action, the Supreme Court of Appeals of West Virginia has prescribed a five-step analysis:

> First, the court should identify the applicable statute of limitation for each cause of action. Second, the court (or, if material questions of fact exist, the jury) should identify when the requisite elements of the cause of action occurred. Third, the discovery rule should be applied to determine when the statute of limitation began to run by determining when the plaintiff knew, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action, as set forth in Syllabus Point 4 of *Gaither v. City Hosp., Inc., supra.* Fourth, if the plaintiff is not entitled to the benefit of the discovery rule, then determine whether the defendant fraudulently concealed facts that prevented the plaintiff from discovering or pursuing the cause of action. Whenever a plaintiff is able to show that the defendant fraudulently concealed facts which prevented the plaintiff from discovering or pursuing the potential cause of action, the statute of limitation is tolled. And fifth, the court or the jury should determine if the statute of limitation period was arrested by some other tolling doctrine.

*Dunn v. Rockwell*, 689 S.E.2d 255, 265 (W.Va. 2009); *Robinson v. Quicken Loans, Inc.*, 988 F.Supp.2d 615, 625 (S.D.W. Va. 2013) (Chambers, J.).

Here, regarding the applicable statutes of limitations, claims for legal malpractice and breach of fiduciary duty are governed by a two-year statute of limitations. W.Va. Code § 55-2-12. Further, actions for breach of a written contract are governed by a ten-year statute of limitations, while actions for breach of an oral contract are governed by a five-year statute of limitations. W.Va. Code § 55-2-6. The Plaintiff does not dispute that these are the appropriate statutes of limitations for the claims pending in his amended complaint.

Second, the Plaintiff's claims all relate to his conviction of first degree sexual assault in Greenbrier County, West Virginia, and the representation he received by the Defendant during the trial on that charge. The Plaintiff alleges that he was indicted on June 5, 2001, and that the jury returned the guilty verdict on July 11, 2002. Thus, it was sometime between June 5, 2001, and July 11, 2002 when Mr. Burnette began representing the Plaintiff and made the alleged disclosure of confidential attorney work product.

Third, the Court must determine whether the discovery rule applies such that the statute of limitations applicable to the Plaintiff's claim or claims is tolled until the Plaintiff discovered the injury. According to the Supreme Court of Appeals of West Virginia,

> under the discovery rule the statute of limitations begins to run when the plaintiff knows, or by exercise of reasonable diligence, should know (1) that the plaintiff has been injured, (2) the identity of the entity who owed the plaintiff a duty to act with due care, and who may have engaged in conduct that breached that duty, and (3) that the conduct of that entity has a causal relation to the injury.

Syl. Pt. 4, *Gaither v. City Hosp., Inc.*, 487 S.E.2d 901 (W.Va. 1997).

> Whether a plaintiff knows of or discovered a cause of action is an objective test. The plaintiff is charged with knowledge of the factual, rather than the legal, basis for the action. This objective test focuses upon whether a reasonable prudent person would have known, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action.

Syl. Pt. 4, *Dunn*, 689 S.E.2d at 258. Further, "'[w]here a plaintiff knows of his injury, and the facts surrounding that injury place him on notice of the possible breach of a duty of care, that plaintiff has an affirmative duty to further and fully investigate the facts surrounding that potential breach.'" *Rahmi*, 2014 WL 1233740, at *7 (citing *McCoy v. Miller*, 578 S.E.2d 355, 359 (W.Va. 2003.)).

Here, the Plaintiff alleges in his complaint that he "first learned he had a cause of action against the Defendant less than two (2) years before initially filing this lawsuit." (Compl. at ¶ 16.) However, the Court finds that the Plaintiff knew or by the reasonable exercise of diligence should have known of the elements of his negligence/malpractice, breach of fiduciary duty, and breach of contract claims as early as 2005. In 2005, the Plaintiff filed in this Court a *Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody* (Document 1) and a *Brief in Support* (Document 2) in Civil Action Number 5:05-CV-00241.[3] In his petition, the Plaintiff specifically listed as one of the grounds he raised in the state appeal of his conviction that "[t]he lower court [erred] in denying defendant post trial motions that the prosecuting attorney revealed to the jury that the defendant's own counsel, Mark Burnette, had disclosed confidential work product information to the State, i.e. that the defendant's counsel had provided to the state a witness, Heather Bowling, who claimed that the defendant had admitted various allegations to her at an Elk's club parking lot." (Habeas Petition in Civil Action Number 5:05-CV-00241, Document 1, at 3.)

---

3 The Defendants requested that this Court take judicial notice of the Plaintiff's 2005 habeas petition and other testimonial evidence from the Plaintiff's state court criminal trial so that the Court might consider it as evidence in the motion to dismiss. Those requests were referred to Magistrate Judge Aboulhosn, who entered an *Agreed Order Resolving Defendants' Requests for Judicial Notice and Plaintiff's Motion to Quash Certain of Those Requests* (Document 32) on September 18, 2017. Pursuant to that agreed order, the Court takes judicial notice of those documents.

7

Further, in the brief in support of that petition, the Plaintiff devoted almost four full pages to his argument that he was afforded ineffective assistance of counsel by Mr. Burnette during the trial because Mr. Burnette allegedly informed the state prosecutor that the Plaintiff had confessed the commission of the crime to a witness. (Civil Action Number 5:05-CV-00241, Document 2, at 35-39) ("However, during closing arguments [the prosecutor] states that '[the witness Heather Bowling] called him when-after I found out what she knew, ***after Mr. Burnette told me like he was supposed to do***.' . . . Not even Alex Sizemore would believe his counsel after learning he was providing information to the State." (emphasis in original)).

In light of this evidence, the Court finds that the Plaintiff knew or by the reasonable exercise of diligence should have known of the elements of his negligence/malpractice, breach of fiduciary duty, and breach of contract claims when he filed his 2005 habeas corpus petition and brief in support, because those documents included the very same argument on which he now bases the causes of action in his complaint. Mr. Sizemore stated in the supporting documents of his habeas petition in Civil Action Number 5:05-CV-00241 that he had appealed his conviction based, in part, on allegations that his defense counsel turned incriminating evidence over to the state prosecutor, and further used that same argument to support his petition for habeas relief. That same allegation of wrongdoing forms the entire basis of all three counts in his second Amended Complaint currently before the Court. Thus, when the Plaintiff knew of these allegations such that he used them as a basis to appeal his conviction and seek habeas relief, he also knew or should have known that the allegations supported the current causes of action.[4] Applying the discovery rule, the statutes of limitations began to run on these causes of action no later than March 23, 2005.

---

4 Although it is not an argument raised by the Plaintiff in his response, the Court notes that the Plaintiff's status of incarceration does not toll the statute of limitations on his causes of action. *Craigo v. Marshall*, 331 S.E.2d 510,

Fourth, because the Court has found that the Plaintiff is not entitled to the benefit of the discovery rule, the Court must determine whether the Plaintiff was prevented from discovering or pursuing the cause of action by the Defendants' fraudulent concealment of facts. At no point in his pleadings has the Plaintiff pled or argued that Mr. Burnette fraudulently concealed his alleged misdeeds during the Plaintiff's criminal trial. In fact, as the Court previously stated, Mr. Sizemore himself stated that he used these allegations as grounds for appealing his conviction to the Supreme Court of Appeals of West Virginia, which indicates that he was aware of Mr. Burnette's alleged malpractice and breaches of duty during and shortly after his jury trial. Therefore, fraudulent concealment does not toll the statutes of limitations regarding the Plaintiff's causes of action. Finally, the Plaintiff has not argued that the applicable statutes of limitations are tolled by any other doctrine.

In sum, the statutes of limitations on the Plaintiff's causes of action began to run no later than March 23, 2005. Claims for negligence or legal malpractice and breach of fiduciary duty are governed by a two-year statute of limitations pursuant to W.Va. Code § 55-2-12. However, the Plaintiff did not file this case until March of 2017, nearly twelve years later. Actions for breach of a written contract are governed by a ten-year statute of limitations, while actions for breach of an oral contract are governed by a five-year statute of limitations. Here, if the contract was a written agreement and the longest statute of limitations applied, the Plaintiff's statute of limitations on the breach of contract claim would have expired by 2015. Again, however, this case was not filed until March of 2017. Therefore, because all three of the Plaintiff's causes of actions are

---

513 (W.Va. 1985) ("Second, there is no tolling provision in our statute of limitations with regard to a prisoner's claim during the period of incarceration. It is generally held absent specific provisions to the contrary in a tolling statute, there is no exemption because of imprisonment from a statute of limitations.")

barred by the applicable statutes of limitations, the Defendants' motion to dismiss should be granted. Given this finding, the Court need not address the remaining arguments in the motion.

## CONCLUSION

WHEREFORE, after thorough review and careful consideration, the Court **ORDERS** that the *Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint* (Document 22) be **GRANTED** and that this action be **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the docket. The Court further **ORDERS** that all pending motions be **TERMINATED AS MOOT**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: March 7, 2018

_____
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA